IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jessica Taylor, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Charleston Southern University,<br><br>    Defendants. | Civil Action No. 2:20-2731-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Jessica Taylor's ("Plaintiff" or "Taylor") motion to remand this case to the Charleston County Court of Common Pleas. For the reasons set forth below, the Court grants Plaintiff's motion.

**BACKGROUND**

On May 28, 2020, Plaintiff filed a proposed class action complaint against Defendant Charleston Southern University ("Defendant" or "Charleston Southern") in the Charleston County Court of Common Pleas, alleging claims for breach of contract, unjust enrichment, and conversion stemming from Charleston Southern's alleged withholding of tuition and fees after altering its courses to online-only in response to the COVID-19 pandemic. The initial complaint identified Plaintiff and the putative class members as "individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at CSU." (ECF No. 1-1 ¶19.) The initial complaint included the following specific class definitions:

**The Tuition Class:**

All individuals who paid tuition and fees, either for themselves or on behalf of a student, for enrollment in in-person classes and educational services at Charleston Southern University for the Spring 2020 Semester who were

denied live, in-person instruction and opportunities and instead forced to take classes online from the date Defendant imposed online instruction.

**The Fees Subclass:**

All individuals who paid fees, either for themselves or on behalf of a student, to Charleston Southern University related to on-campus facilities or services or particular to certain courses, such as lab fees, clinical fees, etc. for the Spring 2020 Semester.

(*Id.* ¶ 39.)

On July 24, 2020, Defendant removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), alleging:

(1) there are 100 or more members in Plaintiff's alleged classes; (2) the citizenship of at least some members of the proposed classes are minimally diverse from the citizenship of Charleston Southern; and (3) based on Plaintiff's allegations, the claims of the putative class members exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs.

(ECF No. 1 at 2.)  Shortly after removing the case, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On August 12, 2020, Plaintiff filed a motion to extend the time to respond to Defendant's motion to dismiss, indicating that Plaintiff intended to file a motion to remand and suggesting that the Court expand the deadline to respond to Defendant's motion to dismiss until 21 days after the Court's ruling on Plaintiff's forthcoming motion to remand. The Court granted Plaintiff's motion via text order and extended the deadline for responding to Defendant's motion to dismiss for 14 days following the Court's order on Plaintiff's forthcoming motion to remand.  (ECF No. 7.)

Five days later, on August 17, 2020, Plaintiff filed an amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1).  The amended complaint

identifies the putative class as follows:

> All individuals who paid Defendant tuition, fees, room, and/or board either for themselves or on behalf of a student, for enrollment in regular session in-person and/or on-campus classes, services, events, opportunities, and/or use of facilities at Charleston Southern University for the Spring 2020 Semester, but were denied use of and/or access to the same as a result of Defendant's closure of its campus.

(ECF No. 8 ¶ 69.)  The amended complaint also asserts that the case was improperly removed to this Court and must be remanded pursuant to 42 U.S.C. § 1332(d).  The same day, Plaintiff filed an "amended class definition" describing the class as: "[a]ll Charleston Southern University students who enrolled in and paid, personally or through another, tuition, fees, room, and/or board for the "Regular Session" Spring 2020 Semester." (ECF No. 9.)

On August 21, 2020, Plaintiff filed her motion to remand, alleging that the "home state" exception to CAFA requires the Court to remand this case to the Charleston County Court of Common Pleas because more than two-thirds of the Plaintiff class are citizens of South Carolina.  In her motion, Plaintiff asserts that the filing of a motion for an extension of time and an amended complaint does not constitute a waiver of the right to remand, and Plaintiff seeks an award of attorney's fees and costs in connection with litigating the removal and remand.  *See* 28 U.S.C. § 1447(c).

On September 14, 2020, Defendant filed a response in opposition to Plaintiff's motion to remand, asserting that its removal was authorized under CAFA and that Plaintiff has failed to meet her burden of proving that the home-state exception to CAFA applies.  Defendant also asserts that Plaintiff engaged in post-removal conduct that constitutes a waiver of the right to remand.  Finally, Defendant asserts that Plaintiff's request for costs

and fees is not supported by the applicable law.

## DISCUSSION

The burden of establishing federal jurisdiction is on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). If federal jurisdiction is doubtful, a remand is necessary. *Id.*

Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . . ." 28 U.S.C. § 1332(d)(2). However, the so-called "home state exception" to CAFA provides that "[a] district court *shall* decline to exercise jurisdiction . . . [where] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4) (emphasis added). The party seeking remand bears the burden of showing that the home state exception to federal jurisdiction under CAFA applies.

As an initial matter, the Court rejects Defendant's argument that Plaintiff's filing of a motion for extension and/or an amended complaint prior to filing her motion to remand constitutes a waiver of her right to seek remand. First of all, the rule on which Defendant relies, which imputes a waiver of the right to remand on a plaintiff who engages in affirmative activity in federal court before filing a motion to remand, is not established in the

4

Fourth Circuit. Defendant points to a decision from the District of Maryland in support of its argument, but the Court is not persuaded by Defendant's argument. *See Moffit v. Baltimore Am. Mortgage, 665 F. Supp. 2d 515, 517* (D. Md. 2009) *aff'd sub nom. Moffit v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010) (holding by the district court that a "party that engages in affirmative activity in federal court typically waives the right to seek a remand") (quoting *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir.1996)). As the Southern District of West Virginia explained in *Central West Virginia Reg. Airport Auth., Inc. v. Triad Engineering, Inc*, although the Fourth Circuit affirmed the District Court's decision in *Moffit*, "it did not state, as the district court did, that a party who takes "affirmative activity in federal court typically waives the right to seek a remand." No. 2:15-cv-11818, 2016 WL 685086, n.6 (S.D. W. Va. Feb. 18, 2016). Instead, the Fourth Circuit, in affirming *Moffitt*, noted that the plaintiffs there amended their complaints after they appeared in federal court and that the amended complaints included facts that clearly gave rise to federal jurisdiction. Thus, the Fourth Circuit's decision in *Moffitt* was not based on any waiver of the right to remand.

Furthermore, in *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425-26 (4th Cir. 2003), the Fourth Circuit referred to the Supreme Court's statement in *Caterpillar, Inc. v. Lewis* that "the plaintiff 'by timely moving for remand, did all that was required to preserve his objection to removal.'" *King*, 337 F.3d at 426 (quoting *Caterpillar,* 519 U.S. 61, 74 (1996)). In *King*, the defendants argued that the plaintiff waived her objection to removal by amending the complaint after the case was removed, but the Fourth Circuit ultimately stated that "a plaintiff's claim that the removal of his case was improper under 28 U.S.C. § 1441 is preserved when the plaintiff timely moves for remand." *Id.*

5

Here, Defendant argues that Plaintiff's amended complaint invokes federal jurisdiction, similar to the amended complaint in *Moffitt*, because Plaintiff references both South Carolina Rule of Civil Procedure 23 and Federal Rule of Civil Procedure 23. However, Defendant's argument completely overlooks the fact that Plaintiff's amended complaint specifically states that this case was improperly removed or, alternatively, must be remanded pursuant to 42 U.S.C. § 1332(d). Thus, unlike *Moffitt*, Plaintiff's amended complaint does not include facts clearly giving rise to federal jurisdiction. Moreover, it was abundantly clear on the face of all of Plaintiff's pre-motion filings that she intended to file a motion to remand, and there is simply no reason to find that her pre-motion activity somehow waived that right. Thus, the remaining question for the Court is whether Plaintiff has carried her burden of demonstrating by a preponderance of the evidence that the "home state exception" to federal jurisdiction under CAFA applies. For the following reasons, the Court finds that she has.

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (citations omitted). Defendant asserts that Plaintiff's reference to Charleston Southern's in-state student population statistics merely show that approximately 83% of students are South Carolina *residents*. (ECF No. 15 at 6.) But, as Plaintiff points out in her reply, Defendant's argument overlooks the fact that, by law, Charleston Southern's classification of students as "in-state" means that they are domiciled in South Carolina. *See* S.C. Code of Regs. § 62-602.M (defining a "resident" as an "independent person who has abandoned all prior domiciles and has

6

been domiciled in South Carolina continuously for at least twelve months immediately preceding the first day of class of the term for which resident classification is sought and for whom there is an absence of domiciliary evidence in other states or countries . . .") The Court finds that this law is even stricter than the typical "intent to remain" analysis for purposes of determining citizenship, and thus it is clear that an in-state resident seeking to take in-person classes at Charleston Southern clearly has the intent to remain in South Carolina at least for that purpose. In this case, Plaintiff, as the master of her complaint, has indicated that the proposed class includes students who enrolled in and paid, personally or through another, for the regular session spring 2020 semester at Charleston Southern, and Plaintiff has shown, through Defendant's records, that 83% of Charleston Southern's student body is domiciled in South Carolina. Therefore, the Court finds that Plaintiff has shown by a preponderance of the evidence that at least two-thirds of the individuals in the putative class are citizens of South Carolina. Because Defendant is also a citizen of South Carolina and this matter was initially brought in South Carolina, the Court must remand this case pursuant to § 1332(d)(4).

Finally, after consideration, the Court declines to award attorney's fees and costs pursuant to § 1447. Although the Court is remanding this case, the Court does not find that Defendant's removal was frivolous or was one in bad faith or as a delay tactic.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 10) is **GRANTED**, and this case is remanded to the Charleston County Court of Common Pleas.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 18, 2021
Charleston, South Carolina